UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DEBORAH TETRAULT,

    Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____)

**COMPLAINT**

The Plaintiff, DEBORAH TETRAULT ("TETRAULT"), by and through her undersigned counsel, hereby sues AETNA LIFE INSURANCE COMPANY ("AETNA"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof.  This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq.  TETRAULT brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. TETRAULT was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. AETNA is a corporation with its principal place of business in the State of Connecticut,

1

authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, AETNA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to TETRAULT.

6. TETRAULT at all times material was an employee of Canton Potsdam Hospital.

7. TETRAULT was at all times material a plan participant under Long Term Disability Group Policy GP-888470, which lists Trustees of the Business Council of New York State, Inc Insurance Fund as the Policyholder and Canton Potsdam Hospital -3518 as a participating Employer. Pursuant to Long Term Disability Group Policy GP-888470 TETRAULT is entitled to benefits.

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. AETNA is the insurer of benefits under the LTD Policy and is the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, AETNA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, AETNA is not entitled to a deferential standard of review.

11. AETNA is the fiduciary charged with making benefit determinations under the LTD Policy, including the determinations made on TETRAULT's claim at issue.

12. Pursuant to the terms and conditions of the LTD Policy, TETRAULT is entitled to LTD benefits for the duration of her disability for so long as she remains disabled as required under the terms of the LTD Policy.

13. According to the LTD Policy, disability is defined as follows:

> **Test of Disability**
>
> "From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
>
> - You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
> - Your earnings are 80% or less of your adjusted pre disability earnings.
>
> After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work any reasonable occupation solely because of an illness, injury or disabling pregnancy – related condition.
>
> Important Note: The loss of a professional or occupational license or certification that is required by your own occupation does not mean you meet the test of disability. You must meet the plan's test of disability to be considered disabled."

14. At all relevant times, TETRAULT complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

15. Since approximately August 27, 2015, TETRAULT has been disabled under the terms of the LTD Policy.

16. Since on or about August 27, 2015, because of an illness, injury or disabling pregnancy-related condition, TETRAULT has been unable to perform the material duties of her own occupation.

17. Since on or about August 27, 2015, because of an illness, injury or disabling pregnancy-related condition, TETRAULT's earnings are 80% or less of her adjusted pre disability earnings.

18. Since on or about August 27, 2015, TETRAULT has been unable to work any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.

19. At all relevant times, TETRAULT has been under the regular care of a doctor.

20. At all relevant times, TETRAULT was a Covered Person under the LTD Policy.

21. Shortly after becoming disabled, TETRAULT made a claim to AETNA under the LTD Policy for disability benefits.

22. By letter dated February 23, 2016, AETNA denied TETRAULT's claim for LTD benefits, contending that TETRAULT did not qualify for disability benefits.

23. TETRAULT timely and properly submitted an appeal of AETNA's February 23, 2016 denial.

24. By letter dated May 12, 2016, AETNA affirmed its previous decision to deny TETRAULT's claim for LTD benefits and advised TETRAULT that she had exhausted the available administrative remedies.

25. From February 23, 2016 (the date benefits would have begun) to the present date, TETRAULT has not received benefits owed to her under the LTD Policy despite TETRAULT's right to these benefits.

26. AETNA has refused to pay TETRAULT's LTD benefits.

27. At all relevant times, AETNA was the payer of benefits.

28. At all relevant times, AETNA was the "Insurance Company" identified throughout the LTD Policy.

29. At all relevant times, AETNA was the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

30. At all relevant times, TETRAULT has been and remains Disabled and entitled to LTD benefits from AETNA under the terms of the LTD Policy.

31. TETRAULT has been forced to retain the services of the undersigned counsel in order to

prosecute this action and is obligated to pay a reasonable attorney's fee.

## **CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

32. TETRAULT incorporates Paragraphs 1 through 31 as if fully set forth herein.

33. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

34. Pursuant to 29 U.S.C. §1132(a)(1)(B), TETRAULT, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

35. TETRAULT has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of AETNA's failure to pay her disability benefits.

36. TETRAULT has exhausted all administrative remedies under the LTD Policy.

37. Defendant breached the LTD Policy and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to TETRAULT at a time when AETNA knew, or should have known, that TETRAULT was entitled to those benefits under the terms of the LTD Policy, as TETRAULT was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of TETRAULT's claim for LTD benefits;

    (c) After TETRAULT's claim was terminated in whole or in part, AETNA failed to adequately describe to TETRAULT any additional

material or information necessary for TETRAULT to perfect her claim along with an explanation of why such material is or was necessary.

     (d)     AETNA failed to properly and adequately investigate the merits of TETRAULT's disability claim and failed to provide a full and fair review of TETRAULT's claim.

38. TETRAULT believes and thereon alleges that AETNA wrongfully terminated her claim for disability benefits under the LTD Policy by other acts or omissions of which TETRAULT is presently unaware, but which may be discovered in this future litigation and which TETRAULT will immediately make AETNA aware of once said acts or omissions are discovered by TETRAULT.

39. Following the termination of benefits under the LTD Policy, TETRAULT exhausted all administrative remedies required under ERISA, and TETRAULT has performed all duties and obligations on her part to be performed under the LTD Policy.

40. As a proximate result of the aforementioned wrongful conduct of AETNA, TETRAULT has damages for loss of disability benefits in a total sum to be shown at the time of trial.

41. As a further direct and proximate result of this improper determination regarding TETRAULT's claim for benefits, TETRAULT, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), TETRAULT is entitled to have such fees and costs paid by AETNA.

42. The wrongful conduct of AETNA has created uncertainty where none should exist; therefore, TETRAULT is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

**REQUEST FOR RELIEF**

WHEREFORE, DEBORAH TETRAULT prays for relief against AETNA LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  November 2, 2016

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2404 Hollywood Boulevard
> Hollywood, FL  33020
> Phone: (954) 620-8300
> Fax: (954) 922-6864
>
> *S/ Alexander A. Palamara*
> ALEXANDER A. PALAMARA, ESQUIRE
> Florida Bar No: 0037170
> Email: alex@diattorney.com
> GREGORY MICHAEL DELL, ESQUIRE
> Florida Bar No: 299560
> Email: gdell@diattorney.com